THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARY E. FORCE, Appellant.— Appeal from a judgment of the County Court, Putnam County, convicting appellant of grand larceny in the first degree, and from each and every intermediate order therein made. Judgment unanimously affirmed. In our opinion, it was error to admit in evidence, over appellant's objection, the report made by one Jansen, an examiner for the State Department of Audit and Control. In addition, the record discloses that leading questions were permitted over appellant's objection. However, we are also of the opinion that there is more than sufficient evidence which was received either on consent or without objection, or on appellant's behalf, to establish beyond a reasonable doubt her guilt of the crime charged. Under these circumstances, the errors did not affect the substantial rights of the appellant and may be disregarded under section 542 of the Code of Criminal Procedure. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE FRENCH, Appellant.— Appeal from an order of the County Court, Kings County, denying appellant's application in the nature of a writ of error *coram nobis* to vacate a judgment rendered by said court on or about February 1, 1954 convicting appellant on his plea of guilty of grand larceny in the second degree and sentencing him to serve, as a third felony offender, from 9 to 10 years. One of the prior convictions was in Massachusetts in 1924. On that occasion appellant was convicted of larceny of property of the stated value of $73. Under the Massachusetts statute the larceny of property, the value of which "does not exceed one hundred dollars" was punishable by imprisonment in jail for not more than one year (Mass. Gen. Laws [1921], ch. 266, § 30). Appellant was sentenced to a reformatory. Under section 1296 of the Penal Law, as it provided in 1924 (L. 1912, ch. 164), the larceny of property of the value of "more than fifty dollars" was a felony. Appellant contends that the 1924 conviction was not a conviction of a crime which if committed in this State would have been a felony, and that therefore the Massachusetts conviction should not have been counted as a prior felony conviction under section 1941 of the Penal Law. Order reversed on the law and the facts, application granted, and proceeding remitted to the County Court for such further proceedings as may be necessary and not inconsistent herewith. All that was determined by the Massachusetts judgment was that appellant had stolen property of some

value but not in excess of $100 (*People* v. *Olah*, 300 N. Y. 96). Appellant is entitled to be sentenced as a second felony offender, notwithstanding that under section 1941 of the Penal Law the sentences of second and third felony offenders are governed by the same formula. (*People* v. *Shaw*, 1 N Y 2d 30, 34; *People* v. *Gifford*, 2 A D 2d 642.) Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.