■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS BURKE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 24, 1976 convicting him of attempted murder in the first degree (two counts), reckless endangerment in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The defendant urges several grounds for reversal, but only one requires discussion. The defendant contends that the trial court's refusal to charge lesser included offenses constituted reversible error. The defendant and codefendant Clifton were indicted for attempted murder in the first degree (two counts) based on an attack upon two police officers, Brown and Yorke, by means of loaded firearms, for reckless endangerment in the first degree by aiming and discharging loaded firearms at a group of persons, and for criminal possession of a weapon in the second degree. The defendant was convicted of all counts; the codefendant was acquitted of all counts. At the trial the court, though requested, refused to charge the lesser offenses of attempted assault in the first degree as included in attempted murder in the first degree and the lesser offense of reckless endangerment in the second degree as included in reckless endangerment in the first degree. The statute provides that the trial court, when requested, must submit a lesser included offense to the jury "if there is a reasonable view of the evidence which would support a finding that the defendant committed such lesser offense but did not commit the greater" (CPL 300.50, subd 1). At the trial the two police officers testified that they observed the defendant and Clifton talking on the sidewalk while apparently holding a large amount of money. The officers parked their car and the defendant and Clifton began backing away and then turned and ran. The officers pursued them. According to the officers, both the defendant and Clifton drew revolvers and fired at them. The defendant took refuge behind a car and fired at Brown. The defendant was struck in the leg by a bullet and was captured behind the car. When apprehended the defendant said that he was sorry. The officers' testimony was corroborated by three bystanders who testified that they had seen the defendant and Clifton running with the officers following them, and that the defendant fired his weapon toward the officers and toward the witnesses. The defendant did not testify. The defendant points out that (1) assault in the first degree requires intent to cause physical injury, whereas murder in the first degree requires intent to cause death (Penal Law, §§ 110.00, 120.10, 125.27), and (2) reckless endangerment in the second degree requires a finding that a substantial risk of serious physical injury has been created by conduct, whereas reckless endangerment in the first degree requires a finding that a grave risk of death to another person has been created by conduct under circumstances evincing a depraved indifference to human life (Penal Law, §§ 120.20, 120.25). He argues that in both instances the distinction between the greater and the lesser crimes is essentially one of the intent of the actor; hence, he claims that the trial court should have charged both lesser included offenses. We think that the Trial Judge did not err in refusing the instruction. Intent is a subjective state of mind and is demonstrated by objective evidence. Here the defendant's intent was demonstrated by his firing his gun at police officers at short range during a chase on a sidewalk where other persons were walking. The trial court, in evaluating the defendant's conduct, could well determine that the defendant's intent was to perpetrate death rather than simply serious physical injury. There should be "objective indications of a defendant's state of mind to corroborate, in a sense, the defendant's own subjective articulation" (People v Strong, 37 NY2d 568, 571-

572; see *People v Shuman,* 37 NY2d 302; *People v Discala,* 45 NY2d 38, 42-43; *People v Goodwin,* 64 AD2d 780). Nothing appears in this record to indicate that the defendant's intent was to commit serious physical injury rather than death. We have reviewed the other contentions of the defendant and find them to be without merit. Hopkins, J. P., Titone, O'Connor and Margett, JJ., concur.