■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v ANTHONY CIOLA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered April 4, 1983, convicting him of attempted murder in the first degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly denied the defendant's motion to dismiss the charge of attempted murder in the first degree because the People's evidence was legally sufficient to establish the offense (see, CPL 290.10). The evidence showed that the defendant fired his gun at two police officers who pursued him as he fled the scene of another shooting. The record demonstrates that the defendant's intent could have been to cause death, not merely to inflict serious physical injury (see, People v Bracey, 41 NY2d 296, 302; People v Castillo, 47 NY2d 270, 277; People v Colon, 113 AD2d 897; People v Dobranski, 89 AD2d 250; People v Burke, 73 AD2d 627).

The defendant's claim that the People failed to prove beyond a reasonable doubt his guilt of criminal possession of a weapon in the second degree (Penal Law § 265.03) is without merit. Evidence of operability of the defendant's gun was provided by the testimony of eyewitnesses who saw and heard the defendant fire the gun, first at the complainant and then at police officers. In addition, operability was evidenced by a stipulation entered into between the parties that the gun and the ammunition recovered from the defendant were both

operable. Viewing the evidence in the light most favorable to the People, we find that it was sufficient as a matter of law to support the defendant's conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932). Moreover, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The prosecutor failed to timely comply with the provisions of CPL 240.45 by turning over certain material concerning the People's witnesses after, rather than before, the People's opening statement. During colloquy about the delay, the defendant's trial counsel expressly declined to seek an adjournment and instead agreed to use a recess to review the material when it was produced. This delay in producing the material does not afford a basis for reversal, absent bad faith or substantial prejudice, which is not present under these circumstances *(see, People v Ranghelle,* 69 NY2d 56, 63; *People v Donald,* 107 AD2d 818, 819-820; *People v Kegelman,* 73 AD2d 977). Although certain other documents demanded by the defendant were not produced, the representation of the prosecutor that the documents did not exist sufficed to establish their nonexistence *(see, People v Poole,* 48 NY2d 144, 149).

The defendant was not denied his constitutional right to the effective assistance of counsel. The evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation *(see, People v Baldi,* 54 NY2d 137, 146-147; *see also, People v Benn,* 68 NY2d 941).

The defendant's remaining contentions, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review or without merit. Bracken, J. P., Eiber, Kunzeman and Harwood, JJ., concur.