■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GENO WYNN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted of three counts each of third degree criminal possession and sale of a controlled substance. It was not necessary for the People to call the evidence clerks who received the contraband at the laboratory *(see, People v Newman,* 129 AD2d 742, *lv denied* 70 NY2d 652). The People established a proper chain of custody of the contraband involved in each incident based upon the testimony of the only officers who handled the drugs and the forensic chemists who tested the evidence. This proof provided reasonable assurances of the identity and unchanged condition of the evidence *(see, People v Julian,* 41 NY2d 340, 343; *People v Steiner,* 148 AD2d 980, 981; *People v Gamble,* 94 AD2d 960).

The court did not abuse its discretion in denying defense counsel's challenge for cause of two prospective jurors. Although each juror initially expressed strong feelings against drugs, each juror assured the court that she could be fair and impartial *(see,* CPL 270.20 [1] [b]; *People v Colon,* 71 NY2d 410, 418-419, *cert denied* 487 US 1239; *People v Williams,* 63 NY2d 882, 884-885; *People v Corbett,* 68 AD2d 772, 778-779, *affd* 52 NY2d 714). We have considered defendant's remaining contentions and find that none requires reversal. (Appeal from Judgment of Wayne County Court, Parenti, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Dillon, P. J., Boomer, Green, Balio and Davis, JJ.