■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GASKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered March 16, 1989, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's judgment of conviction was premised upon circumstantial evidence that he possessed 100 vials of crack-cocaine. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we must determine whether the evidence of the defendant's guilt flows naturally from the facts proved, is consistent with them, and whether the facts proved exclude to a moral certainty every reasonable hypothesis of innocence (see, People v Benzinger, 36 NY2d 29, 32; People v Tedesco, 143 AD2d 155).

The testimony of Housing Police Officer Chinissi established that as he entered a store he observed the defendant "flinc[h] back" and that he then saw an object drop to the ground. Officer Chinissi approached the defendant and picked up the object which was determined to be a plastic bag containing 100 vials of crack-cocaine. Chinissi further testified that the defendant was the only person present in the common area of the store. Additionally, the testimony of Police Chemist Michael Guzzardi established that the aggregate weight of the crack-cocaine contained in the 100 vials was "one-eighth of an ounce, plus 50 grains". These facts lead naturally and reasonably to the conclusion of guilt and are inconsistent with any hypothesis of innocence (see, People v Benzinger, supra, at 33). Moreover, there was legally sufficient evidence of the element of intent to sell a controlled substance based upon the defendant's possession of 100 vials of crack-cocaine (see, People v Vailes, 150 AD2d 406).

The defendant failed to preserve for appellate review his claim with regard to the allegedly improper remark of the prosecutor during summation since he failed to raise any objection at trial (see, CPL 470.05 [2]). Moreover, we find that the innocuous demonstration by the prosecution in demon-

strating how the defendant might have dropped the bag of drugs to the ground did not unfairly prejudice the defendant *(see, People v Fisher,* 148 AD2d 628).

We have considered the defendant's remaining contention and find it to be without merit *(see, People v Pena,* 50 NY2d 400, 411-412, *cert denied* 449 US 1087; *People v Norfleet,* 146 AD2d 812). Mangano, P. J., Bracken, Brown and Balletta, JJ., concur.