■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW DANIELSON, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Finnegan, J.), both rendered January 15, 1991, convicting him of attempted murder in the first degree (three counts) under Indictment No. 5366/89, and kidnapping in the second degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree under Indictment No. 5304/89, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant and two accomplices allegedly jumped into the victim's car as he was stopped at a traffic light in Manhattan. Holding the victim in his car at gunpoint, the group drove to the toll plaza of the Triborough Bridge, where they

stole $180 in cash from the victim's person. The defendant and his accomplices drove the victim around in the victim's car for approximately four hours, ultimately arriving in Far Rockaway, in Queens County. While the car was stopped at a traffic light, the victim jumped out and sought assistance from two police officers, who were sitting in their marked vehicle at the same intersection. The defendant abandoned the car and fled to a nearby housing project. Cornered in a courtyard, the defendant initiated an armed confrontation with the police, which eventually led to his arrest.

The defendant's argument that Queens County lacked geographical jurisdiction to prosecute him for the crimes of robbery in the first degree and kidnapping in the second degree is without merit. A person may be convicted of an offense in a county in which an element of that offense occurs (CPL 20.40 [1] [a]). Regarding the kidnapping charge, the restraint of the victim by threat of deadly physical force continued until he escaped in Far Rockaway (see, Penal Law §§ 135.20, 135.00). As to the two counts of robbery in the first degree, it has long been held that one who steals property in one county and transports it into another can be prosecuted in either county (see, People v Spivak, 237 NY 460, 462; Haskins v People, 16 NY 344, 348-349). The larceny of both the car and the cash therefore continued into Queens County, as did the element of physical force used to effectuate the thefts, giving that county geographical jurisdiction over both crimes (see, Penal Law §§ 160.15, 155.05).

The defendant further contends that the People failed to establish his guilt of three separate counts of attempted murder in the first degree. Viewing the evidence adduced at the trial in a light most favorable to the People (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People proved that the defendant pointed his gun at each of the three officers involved and either fired or misfired, in an attempt to shoot them. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on all three counts was not against the weight of the evidence (CPL 470.15 [5]). Evidence that the gun may have misfired did not prevent the defendant from being convicted of the attempted murders of the officers, as pulling the trigger of a loaded weapon pointed at a police officer is certainly an act which " 'carr[ied] the project forward within dangerous proximity to the criminal end to be attained' " (People v Bracey, 41 NY2d 296, 300; see, Penal Law §§ 110.00, 125.27).

Furthermore, the imposition of consecutive terms of imprisonment for the three counts of attempted murder in the first degree was not illegal. Consecutive sentences may be imposed for crimes committed by separate and disparate acts *(see,* Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839, 843). The People proved that the defendant committed separate acts against separate victims. Therefore, consecutive sentences were permitted at the discretion of the trial court *(see, People v Truesdell,* 70 NY2d 809, 811; *People v Williams,* 120 AD2d 630, 631). In addition, the sentences were not excessive *(see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.