■ In the Matter of DARREN R., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Clark, J.), dated March 19, 1991, which, upon a fact-finding order of the same court, dated December 26, 1990, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress physical evidence.

Ordered that the order is affirmed, without costs or disbursements.

On November 19, 1990, in response to a radio transmission, predicated on an anonymous "911" call, that there was a man with a gun on a bus at the intersection of Merrick and Linden Boulevards, several police officers, including Sergeant Brian Walls and Police Officer Raymond Figero, went to that location. Sergeant Walls testified that upon his arrival at the scene he observed a bus parked on the corner with its emergency lights flashing. The bus was crowded and people were "yelling and screaming". He approached the bus and spoke to its driver, who informed him that there was a problem in the bus involving someone with a gun. Sergeant Walls and other officers, including Officer Figero, positioned themselves outside the rear door of the bus, and the passengers were instructed to disembark. Officer Figero testified that he observed the appellant with his hands over the front left center of his waistband standing in front of the rear door. The appellant then moved to the back of the bus, whereupon Officer Figero instructed him to disembark. The appellant complied. However, as the appellant stepped off the bus, he removed his hands from his waistband and Officer Figero observed a bulge sliding down the leg of his pants. Officer Figero told the appellant to stand still and to place his hands against the bus. He then frisked the bulge and felt what he believed to be the shape of a gun. He reached under the appellant's pants leg, removed a gun, and placed the appellant under arrest.

On appeal, the appellant contends that the court erred in

denying his motion to suppress the firearm, since neither the information received by the police, nor the circumstances surrounding the incident, provided a proper predicate for the police action. We disagree.

In evaluating the propriety of police action, the court must consider whether the conduct in question was justified in its inception and whether it was reasonably related in scope to the circumstances which rendered its initiation permissible *(see, People v Cantor,* 36 NY2d 106, 111; *People v De Bour,* 40 NY2d 210, 222; *People v Hollman,* 79 NY2d 181). Consistent with these principles, it has been held that where a police officer has a reasonable suspicion that a particular person was involved in a felony or misdemeanor, the officer is authorized to forcibly stop and detain that person *(see, People v De Bour, supra; People v Hollman, supra).* Furthermore, an officer has the right to temporarily detain a suspect for investigative purposes, and can frisk the suspect if he "reasonably suspects that he is in danger of physical injury by virtue of the detainee being armed" *(People v De Bour, supra,* at 223; *see also,* CPL 140.50 [3]).

In the instant case, the anonymous tip was confirmed by the bus driver and the circumstances which presented themselves to the officers upon their arrival at the scene. The appellant's conduct immediately prior to exiting the bus, particularly the positioning of his hands, and the bulge slipping down his pants leg, gave rise to a reasonable suspicion that he possessed a firearm. Instructing the appellant to stand still and place his hands on the bus, followed by the limited frisk of the bulging object under his pants, was reasonable. Since the conduct of the police was lawful in its inception, involved a minimal intrusion, and was reasonably related in scope to the circumstances, the court properly concluded that the police had acted lawfully *(see, People v Cantor, supra).* Eiber, J. P., Ritter, Pizzuto and Santucci, JJ., concur.