■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR TRELLEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered January 4, 1991, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On March 16, 1990, a plainclothes officer observed the defendant and two other individuals engaged in a "tumultuous" struggle to gain control over a yellow package. As the officer was about to approach the individuals, one of them seized the package and broke into a run, and the others fled after him. The officer gave pursuit and ultimately caught up with the defendant, who had stopped to pick up the same package. At this point the officer stated, "Police, don't move", and grabbed the defendant in order to restrain him. As the officer took hold of the defendant, the contents of the package, which the defendant was holding, became exposed. At that point, the officer observed that the package contained a substance which the officer recognized, based upon his experience, to be cocaine. The officer then placed the defendant under arrest. Prior to the trial the defendant moved to suppress that evidence, but the hearing court, after a hearing, refused to suppress it. We affirm.

On appeal, the defendant contends that the officer had no reasonable suspicion to approach, pursue or subsequently detain the defendant and thus, the evidence was not seized pursuant to a lawful arrest. However, we find that, based upon the suspicious behavior of the defendant in the first instance, the officer had a founded suspicion that criminal activity was afoot and was thus justified to approach the defendant to investigate (see, People v Hollman, 79 NY2d 181,

184). The defendant's flight as the officer approached, coupled with the officer's prior observations, gave rise to a reasonable suspicion that the defendant was involved in a crime and provided the officer with the basis to restrain him *(see, People v Martinez,* 80 NY2d 444; *People v Hollman, supra,* at 185; *People v Leung,* 68 NY2d 734). "[J]udicial review of the legality of police conduct must weigh the interference such conduct entails against the precipitating and attendant conditions known to the police as the encounter enfolds" *(People v Leung, supra,* at 736).

When, in the process of stopping the defendant, the officer observed that the package, which the defendant was holding, appeared to contain cocaine, the officer's reasonable suspicion became probable cause to arrest *(see, People v Hollman, supra,* at 185; *People v Boone,* 183 AD2d 721). Accordingly, since the contents of the bag were seized incident to a lawful arrest, the hearing court was correct in denying the defendant's motion to suppress.

We also find that the sentence imposed was not harsh or excessive, given the nature of the crime and the defendant's status as a second felony offender *(see, People v Farrar,* 52 NY2d 302; *People v Suitte,* 90 AD2d 80).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.