■ The People of the State of New York, Respondent, v Christopher Smith, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that reversal is mandated because Supreme Court failed to sanction the People for their failure to provide him with the statements of two witnesses before the direct examination of those witnesses. The People's delay in complying with the provisions of CPL 240.45 mandates reversal only when the delay substantially prejudices defendant (see, People v Ranghelle, 69 NY2d 56, 63; People v Ciola, 136 AD2d 557, 558, lv denied 71 NY2d 893). Because defendant was able to inspect the statements before cross-examination, and because he did not request an adjournment after receiving the statements, we conclude that defendant was not substantially prejudiced by the prosecutor's delay (see, People v Price, 149 AD2d 754, 756, lv denied 74 NY2d 667; People v Ciola, supra; People v Harris, 130 AD2d 939, 940, lv denied 70 NY2d 647). Given those circumstances, the court did not abuse its discretion in declining to sanction the People for the delay (see, People v Kelly, 62 NY2d 516, 521; cf., People v Wallace, 76 NY2d 953, 955).

Defendant further contends that the trial court erred in allowing the People to impeach two of their witnesses with their prior statements to the police. CPL 60.35 (1) provides that a party may impeach its own witness if that witness' testimony affirmatively damages the party's case or tends to disprove the party's position (see, People v Fitzpatrick, 40 NY2d 44, 51). Here, the People's witnesses, Lillian Smith and Wendy Smith, repeatedly testified that they could not recall the subject of inquiry. The People, over the objection of defense counsel, were allowed to impeach the witnesses with their prior statements to the police. That was error. A witness' failure to recall the events in question does not consti-

tute affirmative damage to the prosecution's case. Thus, the People should not have been permitted to impeach the witness under CPL 60.35 (1) *(see, People v Fitzpatrick, supra,* at 52; *People v Hickman,* 148 AD2d 937, *affd* 75 NY2d 891; *People v Gilbert,* 99 AD2d 657, 658). We conclude, however, that the error was harmless because there was overwhelming evidence of defendant's guilt of unauthorized use of a motor vehicle and there was no reasonable probability that, but for that error, the jury would have acquitted defendant *(see, People v Saez,* 69 NY2d 802, 804; *People v Crimmins,* 36 NY2d 230, 242). (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Burglary, 2nd Degree.) Present—Boomer, J. P., Pine, Lawton, Boehm and Fallon, JJ.