■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT MCLAURIN, Appellant. [601 NYS2d 139] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered April 24, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor's failure to instruct the Grand Jury on circumstantial evidence so impaired the integrity of the Grand Jury proceedings as to warrant dismissal of the indictment. We disagree, in light of the fact that the Grand Jury was so instructed prior to the proceedings in this case. In any event, it is well settled that a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law (see, People v Darby, 75 NY2d 449, 454; People v Batashure, 75 NY2d 306, 311; People v Calbud, Inc., 49 NY2d 389, 394). A Grand Jury may indict a person when it is presented with legally sufficient evidence to establish that a crime has been committed and that the defendant committed the crime (see, CPL 190.65 [1]; see also, People v Calbud, Inc., supra, at 394-395). There is no legal requirement that the prosecutor deliver any particular charge to the Grand Jury. CPL 190.30 (7) provides that "[w]herever it is provided in article sixty that a court presiding at a jury trial must instruct the jury with respect to the significance, legal effect or evaluation of evidence, the district attorney, in an equivalent situation in a grand jury proceeding, may so instruct the grand jury". We further note that the evidence presented to the Grand Jury was not exclusively circumstantial inasmuch as the undercover officer observed the defendant reach into a paper bag and hand something to his codefendant who engaged in a narcotics transaction with the undercover officer.

The defendant's contention that the People failed to present reasonable assurances as to the identity and unchanged condition of the money and the vials of cocaine recovered at the scene is without merit. The evidence at trial clearly established that at all times after the items were recovered, they "remained safely under police control" (People v Julian, 41 NY2d 340, 343). Contrary to the defendant's argument, any deficiencies in the chain of custody did not bar admission, but

rather only involved the weight to be accorded to the evidence *(see, People v Carroll,* 181 AD2d 904; *People v Williams,* 170 AD2d 629: *People v Donovan,* 141 AD2d 835).

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Eiber and O'Brien, JJ., concur.