■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
SEAN VAN BUREN, Appellant. [623 NYS2d 906] —Appeal by the
defendant from a judgment of the County Court, Nassau
County (Jonas, J.), rendered November 18, 1991, convicting
him of attempted murder in the first degree, criminal posses-
sion of a weapon in the second degree (two counts), reckless
endangerment in the second degree, criminal possession of a
controlled substance in the third degree, and criminal posses-
sion of a controlled substance in the fourth degree, upon a
jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence presented at trial was legally sufficient to
establish beyond a reasonable doubt that the defendant had
the requisite intent for criminal possession of a controlled
substance in the third degree. The defendant was in posses-
sion of 12.312 grams, or .434 ounces, of cocaine. There was
legally sufficient evidence of the element of intent to sell a
controlled substance based upon the defendant's possession of
this quantity of cocaine *(see, People v Nelson,* 189 AD2d 828;
*People v Gaskins,* 173 AD2d 727). Furthermore, the defendant
was in possession of a large number of small plastic bags,
which is consistent with the sale of the cocaine. Viewing the
evidence in the light most favorable to the prosecution *(see,
People v Contes,* 60 NY2d 620), we find that it was legally
sufficient to establish the defendant's guilt of criminal posses-
sion of a controlled substance in the third degree beyond a
reasonable doubt. Moreover, upon the exercise of our factual
review power, we are satisfied that the verdict of guilt was not
against the weight of the evidence *(see,* CPL 470.15 [5]).

Furthermore, viewing the evidence adduced at the trial in
the light most favorable to the prosecution *(see, People v
Contes,* 60 NY2d 620), we find that it was legally sufficient to
establish the defendant's guilt of attempted murder in the
first degree beyond a reasonable doubt. The prosecution pro-
duced evidence that the defendant had pointed his gun at a
police officer and fired it *(see, People v Milbank,* 187 AD2d 459;
*People v Danielson,* 184 AD2d 723). Moreover, upon the exer-
cise of our factual review power, we are satisfied that the
verdict of guilt was not against the weight of the evidence *(see,*
CPL 470.15 [5]).

The defendant's contention that the trial court erred in not
charging the jury that attempted aggravated assault upon a
police officer is a lesser-included offense of attempted murder
in the first degree is meritless. At the time the defendant was

tried, aggravated assault upon a police officer required a firearm (see, Penal Law § 120.11). Murder in the first degree did not (see, Penal Law § 125.27 [1]). A defendant is not entitled to a charge of a lesser-included offense unless, under all possible circumstances, it is impossible to commit the greater crime without concomitantly committing the lesser (see, People v Glover, 57 NY2d 61). At the time the defendant was tried, it was possible to commit the crime of attempted murder in the first degree without also committing attempted aggravated assault upon a police officer, and, therefore, the defendant was not entitled to a lesser-included-offense charge of attempted aggravated assault upon a police officer.

The prosecution adequately established that the circumstances of the custody of the cocaine taken from the defendant provided reasonable assurances of the identity and unchanged condition of the evidence (see, People v Julian, 41 NY2d 340; People v McLaurin, 196 AD2d 511; People v Poulsen, 161 AD2d 609).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review (see, People v Medina, 53 NY2d 951) or without merit (see, People v Force, 5 AD2d 852). Thompson, J. P., Lawrence, Hart and Goldstein, JJ., concur.