■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL GONZALEZ, Appellant. [628 NYS2d 726] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Leis, J.), rendered May 13, 1993, convicting him of at-

tempted murder in the second degree, attempted robbery in the first degree (three counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove that he had the requisite intent to be convicted of attempted murder in the second degree. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish that the defendant intended to cause the death of an undercover officer who was pursuing him. This intent was established by the defendant's overt acts of pulling out his gun, turning it towards the officer, and firing it at least twice *(see, People v Van Buren,* 213 AD2d 504). That the defendant missed his target did not detract from the evidence that he aimed and fired at the undercover officer *(see, People v Danielson,* 184 AD2d 723, 724; *compare, People v Rodriguez,* 63 AD2d 919, 920). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant also contends that the court wrongfully denied his challenge for cause of a juror who expressed his view that if a person takes out a gun, then that person intends to use it. A challenge for cause may be made if the prospective juror has "a state of mind that is likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]). However, the issue for the jury in this case was not whether the defendant used the gun as there was no question as to that. Therefore, this prospective juror, who affirmed to the court that he could be fair and impartial and could render a verdict based on the evidence, was a suitable juror and the defendant's challenge for cause was properly denied *(see, People v Wynn,* 172 AD2d 1038).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Sullivan, J. P., Miller, Pizzuto and Friedmann, JJ., concur.