■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEEM J. THOMISON, Appellant. [637 NYS2d 799] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered February 14, 1995, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied suppression of the gun which was found on the defendant. The police had an articulable reason to approach (see, e.g., People v Allen, 181 AD2d 684), and thereafter had a reasonable suspicion to pursue and subsequently detain the defendant (see, People v Trellez, 189 AD2d 906, cert denied 510 US 997; see generally, People v De Bour, 40 NY2d 210; People v Bruce, 78 AD2d 169) based upon the information that the arresting police officer had received from an identified telephone caller (see, Matter of Darren R., 186 AD2d 806), the defendant's suspicious behavior in standing over a prone body and in attempting to flee upon the officer's approach (see, People v Trellez, supra), the close spatial and temporal vicinity of the description of the site of the crime described by the caller (see, People v Miles, 210 AD2d 353).

Once the officers had reason to restrain the defendant, they were allowed a limited search of the defendant for their own safety in light of the report of "shots fired" *(see, People v Price,* 194 AD2d 634; *People v Brown,* 190 AD2d 1003). Mangano, P. J., Copertino, Joy and Altman, JJ., concur.