■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LEVY JAEN, Respondent. [657 NYS2d 751] —Appeal by the People from an order of the Supreme Court, Queens County (Rutledge, J.), dated June 20, 1996, which granted those branches of the defendant's omnibus motion which were to suppress identification testimony and the defendant's statements to the police.

Ordered that the order is reversed, on the law and the facts, and those branches of the defendant's omnibus motion which were to suppress identification testimony and the defendant's statements to the police are denied.

Responding to an anonymous tip of auto stripping in progress at a specified location, the police observed a vehicle which had obviously been, or was in the process of being, stripped one block away from that location, and saw the defendant carrying objects from the area of the stripped vehicle to a waiting van. After dropping off the objects they were holding, the defendant and his companion returned to the stripped vehicle. As the officers approached, the unidentified driver of the van made a U-turn, and the defendant attempted to enter the passenger seat of the van. One of the officers tried to stop the defendant, but the defendant punched and kicked the officer. The driver of the van tried to run over that officer and then sped off, leaving the defendant behind, whereupon the officers placed the defendant under arrest.

Based upon their observations that the crime of auto stripping had been or was being committed *(see,* Penal Law § 165.09; *Matter of Tyson M.,* 195 AD2d 558), and their observations of the defendant carrying objects from the area of the stripped vehicle to a get-away van, and returning to the area of the stripped vehicle empty-handed, the police had sufficient information to give rise to a reasonable suspicion that criminal activity was at hand and the defendant was involved in that criminal activity *(see, People v Martinez,* 80 NY2d 444, 447, 448; *People v Leung,* 68 NY2d 734, 736; *People v Ward,* 201 AD2d 292; *People v Trellez,* 189 AD2d 906, *cert denied* 510 US

997). Therefore, the police had the right to pursue the defendant *(see, People v Sierra,* 83 NY2d 928; *People v Martinez, supra; People v Leung, supra).*

The defendant's determined effort to flee the scene, his punching and kicking of one of the officers, and the fact that the driver of the van attempted to run the officer down, made it more probable than not that criminal activity was taking place, and that the defendant was a participant in that criminal activity *(see, People v Mercado,* 68 NY2d 874, *cert denied* 479 US 1095; *People v Spearman,* 226 AD2d 180; *People v Ellison,* 222 AD2d 693; *People v Troche,* 185 AD2d 368).

Accordingly, the police had probable cause to arrest the defendant, and the suppression of identification testimony and the defendant's statements as fruits of that arrest was improper. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.