■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAXIMO GERMAN, Appellant. [663 NYS2d 259] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered February 7, 1995, convicting him of attempted murder in the first degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly found that the police acted appropriately in stopping and then pursuing the vehicle in which the defendant was an occupant. The police are permitted to stop a vehicle and make inquiry based upon a " 'reasonable suspicion that its occupants had been, are then, or are about to be, engaged in conduct in violation of law' " (People v Mills, 198 AD2d 236, 237, quoting People v Sobotker, 43 NY2d 559, 563 [emphasis in original]). Here, the hearing record demonstrates that the police officers received a radio transmission at approximately 5:00 A.M. informing them that a larceny of a cab was in progress and describing the location of the incident. Upon arriving at the scene, the officers noticed a blue, double-parked livery car and observed a civilian wave them over. The civilian informed them that he was the individual who had reported the incident and that there were three or four male Hispanics in the livery car, two of whom had been walking up and down the street peering into cars "like they were going to steal a car or rob somebody". Based upon this information, the officers acted reasonably in pulling up behind the vehicle for an investigative check (see, People v Ryan, 224 AD2d 644; People v Thomison, 224 AD2d 557; People v Ayala, 173 AD2d 717; People v Boyer, 65 AD2d 840, 841-842). Since the livery car took flight immediately upon the officers' approach, the subsequent police pursuit was justified (see, People v Holmes, 81 NY2d 1056; People v Martinez, 80 NY2d 444; People v Leung, 68 NY2d 734; People v Decayette, 217 AD2d 557).

The defendant's contention that the People failed to prove, beyond a reasonable doubt, that he possessed the requisite intent to be convicted of attempted murder in the first degree is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, this claim is without

merit. Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish that the defendant intended to cause the death of a uniformed police officer who was pursuing him, as the defendant pointed his gun at the officer and fired twice (*see, People v Gonzalez,* 216 AD2d 412; *People v Van Buren,* 213 AD2d 504; *People v Francis,* 209 AD2d 539; *People v Milbank,* 187 AD2d 459). While the defendant maintains that there was no evidence that he actually aimed at the officer, such a conclusion can be readily inferred from the facts that both shots came within approximately 10 feet of the officer's body and that the defendant was fully aware he was being pursued (*see, People v Francis, supra*). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). Miller, J. P., O'Brien, Santucci and Altman, JJ., concur.