■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIONISIO HERNANDEZ, Appellant. [684 NYS2d 573] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Finnegan, J.), both rendered November 15, 1995, convicting him of attempted murder in the first degree (two counts) under Indictment No. 2972/95, and attempted murder in the second degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and attempted robbery in the first degree (two counts) under Indictment No. 2693/94, upon a jury verdict, and imposing terms of imprisonment of 25 years to life for each of his convictions of attempted murder in the first degree to run consecutive to each other, 8⅓ to 25 years for each of his convictions for attempted murder in the second degree to run concurrent with each other and concurrent to the sentences for his convictions of attempted murder in the first degree, 5 to 15 years for his conviction of criminal possession of a weapon in the second degree to run concurrent with the other sentences, 2⅓ to 7 years for his conviction of criminal possession of a weapon in the third degree to run concurrent with the

other sentences, and 5 to 15 years for each of his convictions of attempted robbery in the first degree to run concurrent with each other and with his other sentences.

Ordered that the judgments are modified, as a matter of discretion in the interest of justice, by making the defendant's sentences for his convictions of attempted murder in the first degree run concurrent with each other and concurrent with his other sentences; as so modified, the judgments are affirmed.

On June 10, 1994, the defendant, a member of the United States Marine Corps, was home on a weekend pass when he attempted to rob a delicatessen at gunpoint. The robbery was interrupted when a boy entered the delicatessen and distracted the defendant while the cashier jumped over the counter and screamed for help. As the defendant ran out of the store, some bystanders flagged down two uniformed police officers, who were patrolling the neighborhood in a marked police car. During the ensuing chase, the defendant fired five gunshots at the two police officers, who escaped uninjured. The defendant was arrested after he fell to the ground as a result of several gunshot wounds to his legs and lower body. The charges against the defendant arising from this incident were set forth in two separate indictments which were consolidated for trial. At the trial, the defendant testified that he responded to the police gunshots with "suppressive fire", a tactic he learned in the Marine Corps, which was intended to stop his attackers but not hit them. The jury convicted the defendant on several counts of attempted murder, attempted robbery, and weapons possession.

The defendant contends that the People failed to prove beyond a reasonable doubt that he had the requisite intent to be convicted of attempted murder in the first and second degrees. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the defendant intended to cause the death of the two police officers who were pursuing him. While the defendant maintains that there was no evidence he aimed at the officers, the conclusion that he did can be readily inferred from the defendant's conduct and the surrounding circumstances (see, People v Bracey, 41 NY2d 296, 303; People v German, 243 AD2d 647; People v Ciola, 136 AD2d 557; People v Colon, 113 AD2d 897). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contentions regarding the prosecutor's sum-

mation and the court's jury instructions are unpreserved for appellate review and, in any event, without merit.

The defendant's sentence was excessive to the extent indicated herein. Miller, J. P., Thompson, Sullivan and McGinity, JJ., concur.