■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD SMOOT, Appellant. [786 NYS2d 471]—

Judgment, Supreme Court, Bronx County (William C. Donnino, J., at hearing; Margaret Clancy, J., at nonjury trial and

sentence), rendered June 3, 2003, convicting defendant of criminal possession of a weapon in the third degree (two counts), criminal possession of a weapon in the fourth degree and unlawful possession of pistol or revolver ammunition in violation of Administrative Code of City of New York § 10-131 (i) (3), and sentencing him to an aggregate term of two years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). After observing defendant struggling over a duffel bag with a woman who ultimately gave up and left defendant with the bag, the detective had a founded suspicion of criminality warranting a common-law inquiry (*see People v Trellez*, 189 AD2d 906 [1993], *lv denied* 81 NY2d 894 [1993], *cert denied* 510 US 997 [1993]). The detective's identification of himself as "police" and request that defendant speak with him was not transformed into a seizure by the fact that the detective unholstered his pistol and kept it behind his leg, concealed from defendant's view (*see People v Watkins*, 244 AD2d 269 [1997], *lv denied* 92 NY2d 863 [1998]; *People v Ocasio*, 201 AD2d 15, 19 [1994], *affd* 85 NY2d 982 [1995]). Furthermore, the officer never indicated to defendant that he was not free to leave, and defendant did, indeed, look at the detective and continue to walk away. Prior to any seizure, the detective received a radio transmission that a woman had reported that property had been taken from her nearby, and defendant spontaneously denied doing anything "to her" and offered an explanation for taking money. This gave the detective probable cause for an arrest, or at least reasonable suspicion warranting detention of defendant for the woman's subsequent confirmatory identification, leading to defendant's lawful arrest and the recovery of contraband incident to that arrest. Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Andrias, Sullivan, Ellerin and Williams, JJ.