Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered December 9, *796 2004, convicting him of attempted murder in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the People failed to prove, beyond a reasonable doubt, that he possessed the requisite intent to be convicted of attempted murder in the first degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Udzinski, 146 AD2d 245 [1989]). In any event, the claim is without merit. Based on the testimony of the complainant and his partner, the jury was entitled to infer that the defendant purposely aimed his weapon at Officer Garrido before firing twice and hitting the officer in the chest and ankle. Thus, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant shot Officer Garrido with the intent to kill him (see People v German, 243 AD2d 647, 648 [1997]; People v Gonzalez, 216 AD2d 412, 413 [1995]; People v Van Buren, 213 AD2d 504, 504 [1995]; People v Milbank, 187 AD2d 459 [1992]; People v Danielson, 184 AD2d 723, 724 [1992]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, the court properly instructed the jury at least three times that the element of intent had to be proved beyond a reasonable doubt. In addition, the court did not err in instructing the jury that it was permitted to consider the defendant’s conduct in determining the issue of intent (see People v Steinberg, 79 NY2d 673, 682 [1992]; People v Smith, 79 NY2d 309, 315 [1992]; People v Bracey, 41 NY2d 296, 301 [1977]).
Finally, “[t]he scope and intensity of the police officers’ actions were reasonable in light of the developing circumstances” (People v Foster, 173 AD2d 841, 844 [1991]; see People v Hollman, 79 NY2d 181, 184-185 [1992]; People v De Bour, 40 NY2d 210, 223 [1976]). Ritter, J.P., Florio, Miller and Garni, JJ., concur.