■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO M. LEWIS, Appellant. [898 NYS2d 232]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Alfieri, J.), rendered February 11, 2008, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of attempted murder in the second degree is unpreserved for appellate review, as defense counsel merely made a general motion for a trial order of dismissal of that charge based upon the People's alleged failure to make out a prima facie case (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Rudolph, 16 AD3d 1151, 1152 [2005]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt of attempted murder in the second degree and both counts of criminal possession of a weapon in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of attempted murder in the second degree and both counts of criminal possession of a weapon in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). The jury could reasonably conclude that the defendant "engaged in conduct that came 'dangerously near' [the] commission of the completed crime" of murder in the second degree (People v Kassebaum, 95 NY2d 611, 618 [2001], quoting People v Acosta, 80 NY2d 665, 670 [1993]; see People v German, 243 AD2d 647, 648 [1997]; People v Gonzalez, 216 AD2d 412, 413 [1995]). The evidence established that the defendant fired a shot from a weapon which passed so close to the head of the intended victim that the intended victim felt as if her "ears exploded." Moreover, a witness who had a direct view of the incident testified that the

intended victim and three people who were sitting near her "were immediately in front of" the defendant. In addition, the evidence established that the gun that the defendant fired was recovered by the police, and that what the defendant contends was a second gun was the plastic handle of the gun that was recovered.

With respect to the defendant's contention that certain comments made by the prosecutor during his summation were improper and deprived him of a fair trial, the trial court's sustaining of the defendant's objections must be deemed to have cured any prejudice, as the defendant failed to timely move for a mistrial (*see People v Way*, 69 AD3d 964 [2010]; *People v Benloss*, 60 AD3d 686 [2009]). In any event, the prosecutor's comments "were not so egregious" or "so flagrant or pervasive" as to deprive the defendant of a fair trial (*People v Franklin*, 64 AD3d 614, 615 [2009]; *see People v Philbert*, 60 AD3d 698, 699 [2009]; *People v Almonte*, 23 AD3d 392, 394 [2005]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Leventhal, Lott and Austin, JJ., concur.