Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered June 17, 2015, convicting him of murder in the second degree, attempted murder in the first degree, criminal possession of a weapon in the second degree (two counts), aggravated criminal contempt, criminal contempt in the first degree, and criminal contempt in the second degree (three counts), upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant’s contention that the evidence was legally insufficient to support his conviction of attempted murder in the first degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt of this crime beyond a reasonable doubt (see Penal Law §§ 110.00, 125.27 [1] [a] [i]). The element of intent was established by evidence that the defendant pointed a loaded firearm at a police officer and fired multiple shots (see People v German, 243 AD2d 647, 648 [1997]; People v Gonzalez, 216 AD2d 412, 413 [1995]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of attempted murder in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644 [2006]).
 

 The defendant’s contention that the Supreme Court erred in admitting hearsay evidence that the victim went to a “safe house” shortly before the murder is unpreserved for appellate review, since the defendant failed to object to the court’s ruling on this basis (see People v Alleyne, 114 AD3d 804, 804 [2014]). In any event, the contention is without merit, since the record contains no evidence that the witnesses based their testimony regarding the safe house on hearsay statements (see generally People v Salko, 47 NY2d 230, 239 [1979]; People v Carpenter, 52 AD3d 1050, 1051 [2008]).
 

 Furthermore, the Supreme Court did not err in declining to instruct the jury on the defense of extreme emotional disturbance as to the charge of attempted murder in the first degree, since, even viewing the evidence in the light most favorable to the defendant, he failed to establish a loss of control during the commission of this crime by a preponderance of the evidence (see People v Roche, 98 NY2d 70, 76-77 [2002]; People v Iqbal, 147 AD3d 782, 783 [2017]).
 

 The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
 

 Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.