■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MATOS, Appellant.—

The trial court did not abuse its discretion in granting the prosecutor's request to reopen his direct case to offer evidence from a codefendant. The decision to reopen a case during trial lies within the sound discretion of the trial court (see, People v Ventura, 35 NY2d 654; People v Dixon, 147 AD2d 769, 773). Further, the trial court did not err in denying defendant's request to instruct the jury on the affirmative defense of entrapment (see, Penal Law § 40.05). Viewing the evidence in the light most favorable to defendant (see, People v Butts, 72 NY2d 746, 750), we conclude that the defense of entrapment is not supported by a reasonable view of the evidence (see, People v DeGina, 72 NY2d 768; People v Butts, supra; People v Thompson, 47 NY2d 940).

We have reviewed defendant's remaining contentions and we find them either unpreserved for our review or, where preserved, to be lacking in merit. (Appeal from judgment of Monroe County Court, Marks, J.—criminal sale of controlled substance, third degree.) Present—Dillon, P. J., Callahan, Pine, Balio and Davis, JJ.