■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE MORALES, Respondent.—Order of the Supreme Court, Bronx County (Frank Torres, J.), dated September 20, 1990, which granted defendant's motion to dismiss the indictment, is unanimously reversed on the law and the indictment reinstated.

On the night of April 14, 1986, as Reinaldo Mejias was leaving the building at 1915 Andrews Avenue in the Bronx, he heard three shots. He observed defendant Jose Morales, with whom he was acquainted from the neighborhood, standing approximately twenty feet away from him. Defendant was not far behind Rogelio Rodriguez, who was staggering and appeared to be dizzy. Mejias noticed defendant placing what "looked like a gun" inside his coat. There was no one else in the vicinity. Defendant fled the scene, and Mejias chased after him into the building but was unable to locate him. Then,

with the assistance of his friend Sergio, whom he had been visiting, Mejias returned to assist the now prone victim and stayed with him until the police arrived. He thereafter accompanied the officers in the squad car to search for defendant. Defendant was arrested when Mejias identified him exiting a building. The following day, he purportedly threatened both Mejias and Sergio if they said anything about what had occurred, and he also punched Sergio in the face. The matter was subsequently presented to the grand jury, and the prosecutor instructed the panel, in part, that: "As much of the evidence within this case is circumstantial I am going to charge you with circumstantial evidence. Circumstantial evidence is evidence of a collateral fact, that is a fact other than a fact in issue from which, either alone or with other collateral facts, the fact in issue may be inferred. Since by definition, circumstantial evidence proves the fact in issue indirectly—I withdraw that. The evidence, in this case, is circumstantial in nature, and you should be careful in making your determination."

Defendant was indicted for murder in the second degree and criminal possession of a weapon in the second degree. In granting the motion to dismiss the indictment, the Supreme Court observed that "[w]hile 'a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law,' *People v. Calbud, Inc.*, 49 NY2d 389, 394; the district attorney must provide 'the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime,' *ibid*, p. 395. The court finds the circumstantial evidence instruction is legally insufficient to inform the Grand Jury so that it might intelligently make a decision as to whether or not to indict the defendant." This was error. Defendant's motion to dismiss the indictment should have been denied. In that regard, the Court of Appeals in *People v Calbud, Inc.* (49 NY2d 389, 394-395, *supra)* stated, in considering the distinction between the role of a grand jury and that of a petit jury, that: "Given this functional difference between the two bodies, it would be unsound to measure the adequacy of the legal instructions given to the Grand Jury by the same standards that are utilized in assessing a trial court's instructions to a petit jury. Indeed, the difference in the extent and quality of the legal instructions that must be given to the two bodies is reflected

in the Criminal Procedure Law, which, on the one hand, directs the court or District Attorney to give legal instruction to the Grand Jury only '[w]here necessary or appropriate' (CPL 190.25, subd 6), but, on the other hand, requires a Judge presiding over a trial before a petit jury to state in detail 'the fundamental legal principles applicable to criminal cases in general' as well as 'the material legal principles applicable to the particular case' and 'the application of the law to the facts' (CPL 300.10, subd 2). In view of the divergent functions of the two bodies, we hold that a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law. We deem it sufficient if the District Attorney provides the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime."

Although the Supreme Court recognized the principle underscored in *People v Calbud, Inc. (supra;* and reaffirmed in *People v Valles,* 62 NY2d 36; *People v Goetz,* 68 NY2d 96; *People v Darby,* 75 NY2d 449), it nonetheless found the District Attorney's charge to the grand jury to have been deficient. Since circumstantial evidence was correctly explained, the court presumably believed that a more comprehensive instruction was necessary. However, there is no legal requirement that the prosecution deliver any particular charge to a grand jury. According to CPL 190.30 (7), "[w]henever it is provided in article sixty that a court presiding at a jury trial must instruct the jury with respect to the significance, legal effect or evaluation of evidence, the district attorney, in an equivalent situation in a grand jury proceeding, may so instruct the grand jury". Similarly, the failure to instruct the grand jury is not one of the grounds listed as authorizing dismissal of the indictment. At most, subdivision (5) of CPL 210.35, which is the catchall provision for a motion to dismiss an indictment, merely declares that a grand jury proceeding is defective when it "otherwise fails to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result."

Considering the fact that even at trial a circumstantial evidence charge is mandated only where the proof is entirely circumstantial *(see, People v Silva,* 69 NY2d 858; *People v Schermerhorn,* 125 AD2d 729), the failure to furnish such an

instruction, particularly one sufficiently detailed to meet the stringent qualifications of the Supreme Court, does not constitute a grand jury defect warranting dismissal of the indictment. This is especially the situation where, as herein, the evidence presented to the grand jury was not exclusively circumstantial. Reinaldo Mejias, who knew both defendant and the murder victim, testified that he heard three gunshots and that immediately thereafter he observed defendant behind the staggering victim. He also saw defendant place what seemed to be a gun inside his coat and flee. The victim, moreover, had been shot three times in the back. Clearly, there was direct evidence linking defendant to Rodriguez's death. Thus, for the foregoing reasons, it was improper for the Supreme Court to grant the motion to dismiss the indictment. Concur—Sullivan, J. P., Milonas, Wallach, Kupferman and Smith, JJ.