■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALEEM CHAUDHRY, Appellant.—Judgment, Supreme Court, Bronx County (Robert G. Seewald, J.), rendered July 11, 1990, convicting defendant, after a jury trial, of twenty-two counts of offering a false instrument for filing, and sentencing him thereon to concurrent terms of five months imprisonment and a fine in the amount of $5,000, unanimously affirmed.

The prosecutor was not required to charge the Grand Jury with respect to circumstantial evidence since the evidence offered was both direct and circumstantial *(People v Morales,* 183 AD2d 570).

The trial court's annotation of the verdict sheet, indicating factual distinctions among the various, otherwise identical counts does not constitute error under *People v Nimmons* (72 NY2d 830) and *People v Kelly* (76 NY2d 1013) in view of counsel's implicit agreement that some annotation was necessary. Assuming, arguendo, that no agreement existed, *People v Sotomayer* (79 NY2d 1029) does not compel a contrary result, since here no statutory elements were included, and thus no risk incurred of skewing the deliberative process *(see, People v Melendez,* 160 AD2d 739, 740, *lv denied* 76 NY2d 792). We find the evidence contested by defendant on appeal to have been of marginal relevance and in view of the overwhelming evidence of defendant's guilt, it could not have affected the verdict. Any negative inference was effectively neutralized by effective cross-examination which we note resulted in defendant's acquittal of five of the twenty-seven counts submitted to the jury.

The investigator's report provided to counsel near the conclusion of the People's case did not constitute *Rosario* material *(see, People v Goldman,* 175 AD2d 723, *lv denied* 78 NY2d 1076; *People v Matos,* 158 AD2d 959, *lv denied* 75 NY2d 968), and even if it did, its belated production did not substantially prejudice defendant so as to require reversal *(see, People v Ranghelle,* 69 NY2d 56, 59, 63). Moreover, we reject defendant's argument that the court denied his request to have the witness who prepared the report recalled. The record reveals instead that the court urged counsel to first consult with the

actual source of the report, who had not testified, rather than the witness in question, in order to ascertain the relevant facts, particularly in light of the People's representation that certain prejudicial information might come to light. After speaking with that individual, counsel declined to call him, did not renew his prior request, and never sought any further remedy. Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.