■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE LEWIS, Appellant. [625 NYS2d 191] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered February 11, 1992, convicting defendant, upon a guilty plea, of criminal possession of a weapon in the third degree, robbery in the first degree (3 counts), reckless endangerment in the first degree, and criminal mischief in the third degree, and sentencing him to terms of 2⅓ to 7 years on the weapon possession count, 3 to 9 years on 2 counts of first degree robbery, 2 years to 6 years on the reckless endangerment count, 4 years to 8 years on a separate first degree robbery count, and 1 year on the criminal mischief count, all terms to run consecutively, unanimously affirmed.

Not having raised his claim that he should have been permitted to withdraw his plea because he was not warned that violation of the plea condition would result in an enhanced sentence in his motion to vacate his guilty plea, it is unpreserved as a matter of law for our review *(People v Mackey,* 77 NY2d 846). In any event, the record reflects that defendant was fully aware that the court's promised sentence was conditioned on his truthful testimony in another criminal proceeding.

Defendant's claim that the court failed to set forth sufficient reasons for its increase of the conditionally promised sentence is similarly unpreserved since it was not raised before the sentencing court (CPL 470.05 [2]). In any event, the record supports the finding by the sentencing court that defendant violated the plea bargain by refusing to cooperate in the criminal proceeding by failing to recall an incident and asserting his Fifth Amendment rights.

We have already twice denied, *via* a post-conviction motion and motion for reargument, defendant's request to unseal records in the proceeding in which he gave testimony as unnecessary, and rejected his argument that this denial constituted a violation of his due process right to a fair appeal. We decline to exercise our "inherent power" to unseal records in view of an adequate record which amply details all aspects of defendant's plea promise and his breach of the condition thereto *(Matter of Hynes v Karassik,* 47 NY2d 659, 664-665). Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Williams, JJ.