■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN SIERRA, Also known as LUIS SANTIAGO, Appellant. [634 NYS2d 485] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered June 14, 1993, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years and $3^1/2$ to 7 years, respectively, unanimously affirmed.

Upon his arrest, defendant's codefendant was found with a police badge and portable radio. Both before and during the trial, defense counsel argued that the investigations regarding the badge may have generated undisclosed *Rosario* material, and requested that the court conduct an in camera review of those documents. However, defendant failed to establish a factual basis to support his claim, merely speculating that the witnesses might have been interviewed in this connection

(*People v Poole*, 48 NY2d 144). The court was entitled to rely upon the representations of the prosecutor, who indicated that the complainant had only been interviewed by the officers in the case and that the Internal Affairs Division investigation essentially focused only on "where and how the particular police shield was lost or stolen". Moreover, during trial, defense counsel was afforded an opportunity to ask one of the police witnesses, out of the presence of the jury, whether he had been interviewed by Internal Affairs, but counsel never took advantage of this opportunity, nor did he seek to question the other police officer who arrested defendant. Since defendant forfeited the opportunity to develop a factual basis for his *Rosario* claim, he may not claim on appeal that the court improperly denied him an in camera review of the alleged *Rosario* material (*People v Farrell*, 207 AD2d 560, *lv denied* 84 NY2d 935; *People v Chaudhry*, 186 AD2d 48, *lv denied* 80 NY2d 973). Concur—Sullivan, J. P., Ellerin, Wallach, Rubin and Mazzarelli, JJ.