■ The People of the State of New York, Respondent, v Mario Costello, Appellant. [647 NYS2d 207] —Judgment, Supreme Court, Bronx County (Max Sayah, J.), rendered June 8, 1993, convicting defendant, upon his guilty plea, of attempted burglary in the second degree, and resentencing him,

as a persistent violent felony offender, to a term of 10 years to life, unanimously affirmed.

Defendant's claims that the sentencing court should have, *sua sponte*, afforded him the opportunity to withdraw his plea before resentencing him as a persistent violent felony offender, and that he was entitled to withdraw his plea because he was not advised that he would receive an enhanced sentence if it were discovered that he was a predicate felon, were never raised before the sentencing court, and are thus unpreserved as a matter of law (*see*, *People v Lewis*, 214 AD2d 415, *lv denied* 86 NY2d 797). In any event, the court properly resentenced defendant as a persistent violent felony offender where he had used 19 different aliases and other false information to avoid discovery of prior offenses; defendant should not be permitted to benefit from the fraud thus perpetrated on the court (*see*, *People v Smith*, 223 AD2d 465, *lv denied* 88 NY2d 854; *People v Mickens*, 215 AD2d 322, *lv denied* 86 NY2d 798). Also unpreserved, and without merit, is defendant's claim that the court abused its discretion in not ordering an updated presentence report before resentencing him. At the time of resentencing, the court had defendant's complete NYSID report, which reflected his extensive criminal record, and, during much of the year that had elapsed between sentencing and resentencing, defendant had been incarcerated (*see*, *People v Kuey*, 83 NY2d 278, 282). Finally, we perceive no abuse of discretion in sentencing. Concur—Rubin, J. P., Ross, Williams, Tom and Andrias, JJ.