(October 15, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PIERRE BARREAU, Appellant. [648 NYS2d 544] —Judgment, Supreme Court, New York County (Carol Berkman, J., at *Huntley* hearing; Arlene Silverman, J., at *Mapp* hearing, jury trial and sentence), rendered October 15, 1994, convicting defendant of scheme to defraud in the first degree, four counts of grand larceny in the third degree, two counts of attempted grand larceny in the third degree, and three counts of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years on the third-degree grand larceny convictions, 2 to 4 years on the scheme to defraud conviction and two of the fourth-degree grand larceny convictions, to run consecutively to concurrent terms of 2 to 4 years on the attempted third-degree grand larceny convictions and the remaining fourth-degree grand larceny conviction, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence regarding his convictions for larceny and attempted larceny of Tiffany's jewelry store is unpreserved for appellate review, as his motion to dismiss was not specifically directed at the deficiencies now raised on appeal (*see, People v Gray*, 86 NY2d 10), and we decline to review in the interest of justice. Were we to review it, we would find that the evidence overwhelmingly

established that, at the time he passed the bad checks, defendant intended or believed that the drawee banks, where defendant had opened accounts with other worthless checks, would refuse payment upon presentation (Penal Law § 190.05 [1]; § 190.10 [1], [2] [b]). Defendant's perseverance in passing the worthless checks at Tiffany's did not demonstrate that he believed the checks would be honored by the drawees, as he suggests, but only that Tiffany's would approve the checks enabling him to escape with the merchandise. Nor do we find, upon an independent review of the facts, that the verdict was against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490).

The court did not commit reversible error by adding to the verdict sheet, over objection, the names of the financial institutions applicable to the individual larceny counts, since no statutory elements or text was added that might skew the jury deliberations (*see, People v Chaudhry*, 186 AD2d 48, *lv denied* 80 NY2d 973; *cf., People v Damiano*, 87 NY2d 477).

Further, the consecutive sentences for the convictions relating to the larceny and attempted larcenies of Tiffany's were proper, inasmuch as those convictions involved the wholly distinct acts of stealing from the jewelry establishment, contrasted with thefts from financial institutions underlying the scheme to defraud (*cf., People v Sanchez*, 195 AD2d 578, 580, *mod on other grounds* 84 NY2d 440). Concur—Murphy, P. J., Rubin, Ross, Williams and Andrias, JJ.