■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY HALL, Appellant. [664 NYS2d 930] —Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered September 29, 1995, convicting him of attempted murder in the second degree, burglary in the first degree (two counts), robbery in the first degree, robbery in the second degree, assault in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to establish his guilt of the crime of attempted murder in the second degree beyond a reasonable doubt is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, viewing the

evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish that the defendant intended to cause the death of the complainant. The People produced evidence that the defendant pointed a gun directly at the complainant's head and fired two shots at close range, hitting the complainant in the right hand and thigh (*see, People v Cabassa,* 79 NY2d 722, 728, *cert denied sub nom. Lind v New York,* 506 US 1011; *People v Gonzalez,* 216 AD2d 412, 413; *People v Van Buren,* 213 AD2d 504). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's claim that he was deprived of a fair trial because of an alleged conflict of interest on the part of his prior counsel is not properly before this Court. The defendant has failed to establish a factual record sufficient for appellate review (*see, People v Kinchen,* 60 NY2d 772) and the primary material relied upon in support of the claim is dehors the record (*see, People v Whaley,* 144 AD2d 510).

The defendant's remaining contentions are without merit or do not require reversal. Joy, J. P., Goldstein, Florio and Luciano, JJ., concur.