◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO DELEON, Appellant. [671 NYS2d 330] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered August 7, 1995, convicting him of burglary in the first degree (four counts), robbery in the first degree (four counts), and robbery in the second degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim in his *pro se* supplemental brief that the evidence was legally insufficient to prove his guilt beyond a reasonable doubt is unpreserved for appellate review because the motion for a trial order of dismissal lacked specificity (*see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v McGee,* 204 AD2d 353). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review (*People v Caston,* 239 AD2d 355; *People v Laguer,* 195 AD2d 483) and, in any event, without merit (*see, People v Sierra,* 222 AD2d 216). Rosenblatt, J. P., Copertino, Goldstein and McGinity, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARFIELD GAYLE, Appellant. [671 NYS2d 349] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brill, J.), rendered May 30, 1995, convicting him of criminal possession of a controlled substance in the third degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions regarding the closure of the courtroom during the testimony of an undercover police officer are unpreserved for appellate review and we decline to consider them in the exercise of our interest of justice jurisdiction (*see,* CPL 470.05 [2]; *People v Polhill,* 237 AD2d 539). Rosenblatt, J. P., Copertino, Goldstein and McGinity, JJ., concur.