■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL McCRAY, Appellant. [672 NYS2d 735] —Judgment, Supreme Court, Bronx County (John Collins, J.), rendered July 11, 1996, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

Defendant's contention that he was entitled to specific performance of the plea agreement because he allegedly performed his obligations is not preserved for appellate review (*see, People v Lewis*, 214 AD2d 415, *lv denied* 86 NY2d 797), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the sentence was warranted since defendant's poor behavior caused him to fail to fulfill the plea condition requiring completion of a particular drug treatment program. Concur—Milonas, J. P., Tom, Andrias and Saxe, JJ.

■ PAULINE GARFUNKEL, Respondent, v RESTAURANT ASSOCIATES, INC., Appellant. [674 NYS2d 325] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered December 23, 1997, which granted defendant's motion to vacate plaintiff's notice of deposition of defendant's president only to the extent of limiting the subject matter of the deposition to the sexual harassment policy of defendant in effect during plaintiff's employment with defendant and to defendant's president's personal knowledge, if any, of the facts relating to plaintiff's claims in this lawsuit, unanimously affirmed, without costs.

The motion court appropriately exercised its broad discretion in matters pertaining to discovery (*see, Kamhi v Dependable Delivery Serv.*, 234 AD2d 34) by directing the limited deposition of defendant's president. Plaintiff demonstrated in support of its request to depose defendant's president that less highly placed corporate officers had insufficient knowledge of relevant matters, and we note in this connection that defendant's president's bare claim of ignorance as to those matters can hardly be taken as conclusive as to the efficacy of deposing him (*compare, Matter of Lange v Roman Catholic Diocese*, 245 AD2d 118). Concur—Milonas, J. P., Tom, Andrias and Saxe, JJ.