■ 401 HOTEL, L.P., Respondent, v MTI/THE IMAGE GROUP, INC., Appellant. 401 HOTEL, L.P., Respondent, v MTI/THE IMAGE GROUP, INC., Appellant. 401 HOTEL, L.P., Appellant-Respondent, v MTI/THE IMAGE GROUP, INC., Respondent-Appellant. (Action No. 1.) MTI/THE IMAGE GROUP, INC., Respondent-Appellant, v 401 COMMERCIAL L.P., Doing Business as NEW YORK'S HOTEL PENNSYLVANIA, et al., Appellants-Respondents. (Action No. 2.) PENN PLAZA OFFICE PARK, INC., et al., Intervenors-Respondents, v 401 HOTEL, L.P., et al., Appellants-Respondents. [705 NYS2d 364] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about July 9, 1998, which confirmed in part and rejected in part the Special Referee's report, denied the motion of 401 Hotel, L.P. to hold MTI/The Image Group in contempt, vacated a temporary restraining order enjoining MTI from completing alterations, denied 401 Hotel's motion for a preliminary injunction for the same relief, directed 401 Hotel to remove "panic bars" from certain doors and to permit MTI to use a freight elevator, and permitted Penn Plaza Office Park, Inc. and NJD & Associates, Inc. to intervene as plaintiffs, unanimously modified, on the law, to reject that portion of the Special Referee's report which exceeded the scope of the reference, as set forth herein, and otherwise affirmed, without costs. Order, same court and Justice, entered July 16, 1998, which modified the aforementioned July 9 order to deny that portion of MTI's motion to confirm the Special Referee's recommendation to sanction 401 Hotel and its counsel in the amount of $30,000, and order, same court (Harold Tompkins, J.), entered March 12, 1999, which, to the extent appealed from, denied MTI's motions for sanctions, an assessment of damages under a $25,000 injunction bond and to serve an amended answer and counterclaims, and granted 401 Hotel's motion for use and occupancy in the amount of rent under the lease, and order, same court and Justice, entered July 7, 1999, which, *inter alia*, denied MTI's motions for summary judgment dismissing the complaint and for a protective order, granted 401 Hotel's cross motion to compel discovery, and directed MTI to increase its use and occupancy bond from $600,000 to $750,000 and to further increase it by $50,000 per month thereafter, unanimously affirmed, without costs.

These consolidated actions arise out of a dispute between landlord 401 Hotel and its commercial tenant MTI concerning

alterations commenced by MTI, allegedly in violation of various lease provisions, and 401 Hotel's refusal to lease additional space in the building to MTI as allegedly promised. In March 1998, Justice Harold Tompkins granted a temporary restraining order (TRO) enjoining MTI from continuing the alterations, and thereafter referred to a Special Referee to hear and report the issues of (1) whether MTI had violated the TRO; (2) whether the alterations were "minor" within the meaning of the lease, thereby obviating the requirement of obtaining landlord's consent; and (3) whether the alterations posed a threat to health and safety through asbestos contamination or structural damage.

The Special Referee exceeded the scope of the reference by not only determining the above-enumerated issues, but also finding that the alterations were necessary to MTI's business and were not "structural" within the meaning of the common-law rule permitting a commercial tenant to effect certain alterations without the landlord's consent, notwithstanding a contrary lease provision (see, Garland v Titan W. Assocs., 147 AD2d 304, 310). Accordingly, that portion of the report exceeding the scope of the reference is rejected. The balance of the report was supported by the record, the minor inconsistencies pointed out by 401 Hotel are irrelevant, and there is no basis to conclude, as 401 Hotel contends, that Justice Gammerman failed to discern and apply pertinent facts or law. In light of our modification, and in light of the fact that 401 Hotel's complaint sought compliance with other lease terms (such as proof of insurance and government permits and copies of plans), we affirm Justice Tompkins's denial of MTI's motion for summary judgment dismissing the complaint.

The motion for contempt was properly before Justice Gammerman when the parties appeared for oral argument on July 8, 1998, and the Special Referee's report supports denial of the motion. In light of the fact that the Special Referee recommended sanctioning both parties for misrepresenting material facts in connection with the various motions, an award of sanctions to MTI would be unwarranted. Vacatur of a TRO does not, without more, constitute a "final determination" within the meaning of CPLR 6312 (b) justifying an assessment of damages under the injunction bond, and the Special Referee correctly concluded that there was a basis in law and fact for the issuance of the TRO (see, Matter of 251 Main St. Corp. v Christine's Shoes Corp., 267 AD2d 415; Blueberries Gourmet v Aris Realty Corp., 255 AD2d 348, 350-351).

Justice Gammerman properly considered and granted MTI's

motion to compel 401 Hotel to remove panic bars from certain doors which prevented MTI from passing between its leased and subleased premises; however, we note that such relief was preliminary only, and a final determination remains to be made. The motion of two additional parties to intervene was properly granted since identical issues of law and fact are involved. Justice Gammerman's order that MTI be permitted to use the freight elevator between certain hours on nine hours' notice to the landlord did not constitute unwarranted "micromanagement" of the building, but merely directed the landlord to comply with the lease.

Justice Tompkins did not improvidently exercise the broad discretion accorded the trial court in directing MTI to comply with the discovery demands (*see, Garfunkel v Restaurant Assocs.*, 251 AD2d 135). MTI's proposed amended answer, seeking to add nine counterclaims and thirteen additional counterclaim-defendants, was properly denied for the reasons stated by Justice Tompkins.

Justice Tompkins retained jurisdiction after the issuance of the *Yellowstone* injunction to award 401 Hotel past and ongoing use and occupancy (*see, Liss v Trans Auto Sys.*, 68 NY2d 15, 20). It would have been unjust to permit MTI to remain in possession of, and derive substantial benefits from, the premises for such an extended passage of time without paying (*see, 61 W. 62nd Owners Corp. v Harkness Apt. Owners Corp.*, 173 AD2d 372, *lv dismissed* 78 NY2d 1123). MTI's arguments concerning 401 Hotel's noncompliance with the filing requirements of Multiple Dwelling Law §§ 301 and 325 are not preserved, and, in any event, unavailing. Concur—Rosenberger, J. P., Ellerin, Rubin and Friedman, JJ.