■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH TAYLOR, Also Known as JIM TYLER, Appellant. [773 NYS2d 555]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered August 1, 2000, convicting defendant, after a jury trial, of conspiracy in the second degree, attempted murder in the second degree, assault in the first degree (two counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 48⅓ years, and judgment, same court (Michael Gross, J., at plea; Leslie Crocker Snyder, J., at sentence), rendered August 1, 2000, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him to a consecutive term of 5 to 15 years, unanimously affirmed.

The record establishes that defendant received effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington,* 466 US 668 [1984]). Trial counsel was not obligated to make a motion to sever defendant's trial from that of the codefendants, since there was no legal basis for such a motion (*see People v De Los Angeles,* 270 AD2d 196, 197-198 [2000], *lv denied* 95 NY2d 889 [2000]). Furthermore, there is no indication that a separate trial would have resulted in a more favorable verdict for defendant.

Since defendant did not move to withdraw his plea, his claim that his sentence violated his plea agreement is unpreserved and we decline to review it in the interest of justice (*see People v Costello,* 231 AD2d 446, 447 [1996], *lv denied* 89 NY2d 863 [1996]). Were we to review this claim, we would reject it (*id.*). In any event, we note that defendant's aggregate sentence upon his trial and plea convictions is deemed to be 40 years (Penal Law § 70.30 [1] [e] [v] [A]), and that the sentence enhancement on the plea conviction had no practical effect on the aggregate term.

We perceive no basis for reducing the sentences. Concur— Nardelli, J.P., Tom, Andrias, Saxe and Marlow, JJ.