■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WESLEY JOHNSON, Appellant. [820 NYS2d 800]—Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered May 27, 2004, convicting defendant, after a jury trial, of enterprise corruption, conspiracy in the fourth degree, burglary in the third degree (three counts), grand larceny in the second degree, grand larceny in the third degree (two counts), criminal possession of stolen property in the second degree and criminal possession of stolen property in the third degree (two counts), and sentencing him to an aggregate term of 10 to 20 years, unanimously affirmed.

We reject defendant's claim that two of his burglary convictions, which were also crimes underlying his enterprise corruption conviction, were based on legally insufficient evidence and were against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility. There was extensive evidence that tended to connect defendant to these crimes and fully satisfied the accomplice corroboration requirement (*see* CPL 60.22 [1]; *People v Besser*, 96 NY2d 136, 143 [2001]; *People v Breland*, 83 NY2d 286, 292-293 [1994]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters outside the record concerning counsel's reasons for declining to make a severance motion (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). There is no reason to believe that a severance motion would have been successful, or that a severance, even if granted, would have affected the outcome of the case.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Andrias, Friedman, Marlow and Gonzalez, JJ.