# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**926**

**KA 10-02198**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

MICHAEL CALDWELL, DEFENDANT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

JEFFREY S. CARPENTER, ASSISTANT DISTRICT ATTORNEY, HERKIMER (JACQUELYN M. ASNOE OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Herkimer County Court (Patrick L. Kirk, J.), rendered March 30, 2009. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Defendant's contention that he was denied due process when the People impeached a prosecution witness in violation of CPL 60.35 (3) and offered prior bad act testimony in violation of County Court's *Ventimiglia* ruling is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant contends that the conviction of attempted murder and assault is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. Defendant preserved his contention concerning the legal sufficiency of the evidence only insofar as he alleges that there was no evidence of his intent to cause death or serious physical injury (*see People v Gray*, 86 NY2d 10, 19). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that it is legally sufficient to establish defendant's intent to cause death and serious physical injury. Defendant's intent may be inferred from his conduct (*see People v Badger*, 90 AD3d 1531, 1532, *lv denied* 18 NY3d 991), and his statements to the 911 operator established his intent. The People presented evidence that defendant and the victim fought immediately before the shooting, and that defendant retreated to his

house to obtain a weapon and upon returning fired several shots at the victim. The People also presented evidence of defendant's 911 call after the fight, wherein he stated that emergency responders should "[h]urry up," that defendant was going to "shoot him," and that the victim would die. Viewing the evidence in light of the elements of the crimes of attempted murder and assault as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant's contention that he was denied a fair trial based on prosecutorial misconduct on summation is not preserved for our review (*see* CPL 470.05 [2]) and, in any event, we conclude that "[a]ny 'improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Johnson*, 303 AD2d 967, 968, *lv denied* 100 NY2d 583). Contrary to defendant's contention, the court properly denied his request for a justification charge (*see People v Hall*, 48 AD3d 1032, 1033, *lv denied* 11 NY3d 789). Viewing the record in the light most favorable to defendant (*see People v Reynoso*, 73 NY2d 816, 818; *People v McManus*, 67 NY2d 541, 549), we conclude that there is no reasonable view of the evidence that would permit the jury to determine that defendant's use of deadly physical force was justified (*see* Penal Law § 35.15 [2] [a]; *People v Hartman*, 86 AD3d 711, 712-713, *lv denied* 18 NY3d 859). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  September 28, 2012                    Frances E. Cafarell
                                                Clerk of the Court