■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHELE McLAWRENCE, Appellant. [968 NYS2d 569]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered September 16, 2010, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed on the defendant's conviction of criminal possession of a weapon in the third degree under count six of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on the conviction of criminal possession of a weapon in the third degree under count six of the indictment.

The defendant was arrested for shooting the complainant, his

former friend, outside the apartment building where the defendant resided and where the complainant formerly resided with his aunt. The complainant testified that after the defendant shot him, the defendant ran into that apartment building. When the police arrived, the complainant identified the defendant's apartment number for one of the officers. When one of the officers went to the roof of the apartment building, he saw the defendant stick his head out of a window and throw out a silver handgun, which subsequently was recovered from the courtyard outside the building. The police secured a search warrant for the defendant's apartment and recovered, inter alia, a sawed-off shotgun and a .9 mm pistol from a duffle bag in the defendant's apartment. Neither the shotgun nor the pistol was linked to the defendant by DNA or other forensic evidence.

At trial, the complainant testified that the defendant shot at him several times from three or four feet away, and that he was struck by one bullet in the forearm when he raised his arms to protect himself. The complainant further testified that he believed the reason the defendant shot him was because the complainant had told people in the neighborhood that the defendant was a "snitch" after the police raided the apartment where the complainant lived with his aunt. In addition to having the bullet removed, a week after the shooting the complainant underwent surgery to repair his injured forearm, which had an unstable fracture and required the insertion of permanent plates and pins to stabilize it.

The defendant was convicted of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree relating to the shotgun retrieved from the duffle bag in the defendant's apartment.

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of attempted murder in the second degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Finger, 95 NY2d 894, 895 [2000]; People v Gray, 86 NY2d 10, 19-21 [1995]; People v Betts, 292 AD2d 539, 540 [2002]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of attempted murder in the second degree beyond a reasonable doubt (see People v Soto, 8 AD3d 683, 684-685 [2004]). Moreover, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Notwithstanding the fact that only one bullet struck the complainant, the

jury could reasonably infer that the defendant intended to kill, rather than merely frighten the complainant, by repeatedly shooting him at close range (*see* Penal Law §§ 110.00, 125.25 ■; *People v Lewis*, 72 AD3d 705, 706 [2010]; *People v Santana*, 70 AD3d 448 [2010]; *People v Hall*, 242 AD2d 734, 735 [1997]).

The defendant's contention, in effect, that the evidence was legally insufficient to support his conviction of assault in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Serrano*, 74 AD3d 1104, 1105 [2010]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633 [2006]). Contrary to the defendant's contention, the jury reasonably could have inferred that the complainant sustained a serious physical injury within the meaning of Penal Law § 10.00 (10) (*see* Penal Law § 120.10 [1]; *People v Kern*, 75 NY2d 638, 658 [1990], *cert denied* 498 US 824 [1990]; *People v Moreno*, 233 AD2d 531, 532 [1996]).

The sentences imposed were not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). However, we remit the matter to the trial court for resentencing on the defendant's conviction of criminal possession of a weapon in the third degree. The trial court incorrectly imposed an indeterminate sentence, and a determinate sentence is required (*see* Penal Law § 70.02 [3] [c]).

The defendant's remaining contentions, including the contentions raised in his pro se supplemental brief, are not preserved for appellate review and, in any event, are without merit. Rivera, J.P., Dillon, Dickerson and Austin, JJ., concur.