THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN MORGAN, Appellant. [2 NYS3d 619]—Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (Riviezzo, J.), rendered June 22, 2012, convicting him of attempted murder in the second degree, assault in the second degree, reckless endangerment in the first degree, reckless endangerment in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting his conviction for attempted murder in the second degree (*see* CPL 470.05 [2]; *People v McLawrence*, 114 AD3d 964 [2014]; *People v Williams*, 38 AD3d 925 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt (*see People v McLawrence*, 114 AD3d at 964; *People v Caldwell*, 98 AD3d 1272 [2012]; *People v Hall*, 242 AD2d 734 [1997]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Furthermore, the record reveals that the defendant's trial counsel provided him with meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). We find no merit to the defendant's contention that the failure of the defendant's counsel to seek a severance constitutes ineffective assistance of counsel (*see People v Ennis*, 11 NY3d 403 [2008]; *People v Salton*, 74 AD3d 997, 998 [2010]; *People v Dozier*, 32 AD3d 1346, 1347 [2006]; *People v Johnson*, 32 AD3d 761 [2006]; *People v Green*, 27 AD3d 231, 233 [2006]; *People v Taylor*, 5 AD3d 333, 334 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur.