People v Perry (2021 NY Slip Op 03060)





People v Perry


2021 NY Slip Op 03060


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-00947
 (Ind. No. 2/18)

[*1]The People of the State of New York, respondent,
v
David M. Perry, appellant.


Terry D. Horner, Poughkeepsie, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered December 14, 2018, convicting him of murder in the second degree, robbery in the first degree, robbery in the second degree, and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant and an accomplice were accused of causing the death of the victim in the course of a robbery. After a joint jury trial, the defendant was convicted of murder in the second degree (felony murder), robbery in the first and second degrees, and conspiracy in the fourth degree.
The County Court properly denied that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials. The defendant's videotaped statement shows that after initially indicating to the two interviewing detectives that he was not "up for" a conversation, the defendant answered some pedigree questions, was advised of his Miranda rights (Miranda v Arizona, 384 US 436), indicated that he understood those rights, and, when asked immediately thereafter if he wished to speak to the police without an attorney present, responded, "I'm willing to listen." Contrary to the defendant's contention, he did not unequivocally invoke his right to remain silent so as to preclude further questioning (compare People v Cole, 59 AD3d 302, People v Lowin, 36 AD3d 1153, and People v Cody, 260 AD2d 718, with People v Ferro, 63 NY2d 316, and People v Kollar, 305 AD2d 295). Moreover, under the circumstances presented, the fact that there was a break of approximately 4½ hours in the questioning after the defendant asked for some time to sleep did not require the police thereafter to readvise the defendant of his Miranda rights, since the defendant remained in continuous police custody during that period (see People v Santalis, 302 AD2d 614; People v Saunders, 290 AD2d 461, 463; People v Chatman, 281 AD2d 964, 965-966; People v Shomo, 235 AD2d 208, 208-209) and was reminded, when the questioning resumed, that he had previously been advised of his rights.
Viewing the evidence in the light most favorable to the prosecution (see People v [*2]Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the core of his defense was not in irreconcilable conflict with that of his codefendant (see People v Mahboubian 74 NY2d 174). Therefore, defense counsel was not ineffective in failing to seek severance in a timely manner (compare People v Davis, 171 AD3d 1088, 1089, and People v Morgan, 125 AD3d 791, with People v Davydov, 144 AD3d 1170, 1172).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
CHAMBERS, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court